IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zep, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Brody Chemical Company, Inc. and individuals Mark Bartley, Neil Carse, Wayne Cassidy, Richard Crouse, and Anthony Strukel, <br><br> Defendants. | No. CV09-505-PHX-NVW <br><br> **ORDER** |

The parties have requested clarification of certain issues relating to the Court's order granting Plaintiff's motion for preliminary injunction. (Doc. ## 68, 72.) The Court provides the following amendments and clarifications to its previous order. (Doc. # 66.)

The Court finds as a fact that Zep cut its sales representatives' commissions in half for individual orders of less than $150. Accordingly, the Court amends the discussion beginning on line 21 of its previous order to read as follows:

> To be a Restricted Customer, during the six month period immediately preceding the establishment of a given Sales Representative's employment relationship with Brody, the customer 1) must have purchased Zep product from that Sales Representative, and 2) must not have purchased Brody product from any Brody sales representative. A Sales Representative will be enjoined from soliciting or selling to a Restricted Customer for six months if 1) that Sales Representative has solicited or sold to that customer on behalf of Brody since establishing an employment relationship with Brody, and 2) that customer placed at least one individual order of $150 or more of Zep product in the six month period immediately preceding the establishment of that Sales Representative's employment relationship with Brody. All Brody employees,

including the Sales Representatives, will be enjoined from soliciting or selling to any Restricted Customer for three months.

The Court also amends page 1, lines 23–24 of its order to read: "Zep employs over 20,000 people in various locations."

The purpose of the injunction is to eliminate the commercial advantage that Brody obtained by misappropriating Zep's trade secrets to take Zep's customers. Therefore, the above noted changes clarify that the injunction prohibits all Brody employees, including administrative staff operating Brody's telephone order lines, from selling to Restricted Customers.

All relevant Brody employees must be provided with adequate notice of the list of Restricted Customers and the duration of the restriction. The Court contemplates that such notice at least requires Brody's employees to know the names and general locations of the Restricted Customers, though it is probably not necessary to provide full addresses. The parties will be ordered to develop a method to provide sufficient notice to Brody's employees without unnecessarily compromising Zep's customer information.

With respect to Brody's destruction of Zep's customer information, whenever possible physical copies should be returned to Zep rather than destroyed. Brody must destroy its electronic records of Zep's customer information. However, Zep must have an opportunity to complete whatever discovery it wishes to perform before Brody finally destroys its electronic records. The parties will be ordered to confer on a time line for Zep to complete its discovery of Brody's electronic records before Brody destroys those records.

Lastly, the size of the preliminary injunction bond that Defendant must post will be increased to a total of $250,000. Having reviewed the scope of the preliminary injunction, the Court realized that its original bond of $100,000 was sufficient to cover damages only to the Sales Representatives. The scope of the injunction, however, includes all Brody sales to Restricted Customers, not just sales made by the Sales

- 2 -

1 Representatives. Therefore, the amount of the bond must be increased to adequately
2 cover the damages to Brody and the Sales Representatives in the event that the injunction
3 is lifted.
4     IT IS THEREFORE ORDERED that the Court's order granting Zep's preliminary
5 injunction is amended to reflect the above noted changes.
6     IT IS FURTHER ORDERED that the parties develop a method to provide
7 sufficient notice to Brody's employees of the identity of the Restricted Customers and the
8 duration of the restriction without unnecessarily compromising Zep's customer
9 information.
10     IT IS FURTHER ORDERED that whenever possible physical copies should be
11 returned to Zep rather than destroyed and that the parties confer on a time line for Zep to
12 complete its discovery of Brody's electronic records of Zep's customer information
13 before Brody destroys those records.
14     IT IS FURTHER ORDERED that Zep must post a preliminary injunction bond of
15 $250,000 before a preliminary injunction will issue.
16     DATED this 4th day of May, 2009.

_____
Neil V. Wake
United States District Judge